IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RONNIE D. GOLDEN, #742453 § | |
| § | |
| v. § | CIVIL ACTION NO. G-03-67 |
| § | |
| JOHN ASHCROFT, ET AL. § | |

## **REPORT AND RECOMMENDATION**

Plaintiff Ronnie Golden, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed Plaintiff's complaint and amended complaint, this Court makes the following recommendation to the District Judge.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a

...

person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

In this case, Plaintiff complains that the Prison Litigation Reform Act and the Antiterrorism and Effective Death Penalty Act are "wrongful, unconstitutional and illegal acts" which deny prisoners equal protection without due process of law. Plaintiff further avers that the acts bar prisoners' access to courts through the filing fee and "three-strike" provisions and "diminish arguments effectiveness."

It has been established beyond doubt that prisoners have a constitutional right of access to the courts which must be "adequate, effective and meaningful." *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 354 (1996). This right, however, is not absolute or unconditional in the civil context, except in a very narrow band of cases where the litigant has "a fundamental interest at stake." *Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir. 1999). With respect to civil cases filed by prisoners, the obligation to pay filing fees is not an unconstitutional denial of access to courts. As noted by the Fifth Circuit, the right to proceed in a civil lawsuit without paying a filing fee is a procedural privilege that Congress may extend or withdraw. *See Strickland v. Rankin County Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997). Moreover, although the PLRA requires all prisoners proceeding IFP to pay initial fees and monthly fees thereafter, several provisions of the PLRA decrease the burden the fee requirements place on rights of indigent prisoners to meaningful access to the courts. The initial fee can only be collected when funds exist in a prisoner's trust account; monthly payments can be deducted only when the prisoner's account balance exceeds ten dollars; and, a prisoner cannot be barred from bringing a civil action or an appeal simply because he doesn't have enough money to pay the initial fee. *See* 28 U.S.C. 1915(b)(4). In essence, therefore, this savings provision guarantees that prisoners will have access to the courts, regardless of their income. *See Norton v. Diamanza*, 122 F.3d 286, 290 (5th Cir. 1997). The PLRA simply changes the rules and requires indigent prisoners to make the same prudential decisions about the merits of their

lawsuits that non-prisoner litigants must make before filing. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). This limits the access of indigent prisoners to the courts no more than the filing fee restricts non-indigent litigants and, by allowing prisoners to pay the filing fee over time, actually allows them more access to the courts than most free-world litigants receive.

Plaintiff also complains that the "three strikes" rule of the PLRA unconstitutionally denies prisoners' access to courts and denies prisoners equal protection in violation of the Due Process Clause. This allegation is also without merit as the "three strikes" provision does not prevent prisoners with three strikes from filing a civil action; it simply prohibits them from enjoying *in forma pauperis* status. 28 U.S.C. §1915(g). This provision was necessitated by the large number of prisoners who have abused the judicial system by filing repeated, frivolous lawsuits in a recreational manner that free-world litigants simply have not. Deterring frivolous and malicious lawsuits in order to preserve scarce judicial resources is a legitimate state interest which can be protected, in part, by deterring litigants with a history of frivolous or malicious lawsuits from proceeding IFP.

Plaintiff's argument that the filing fee provisions of the PLRA violates prisoners' equal protection rights because it requires them, unlike non-prisoners, to pre-pay court filing fees is also without merit. Indigent prisoners are not a suspect class. *Rodriguez*, 169 F.3d at 1179. Therefore, because the filing fee provisions have not been found to burden any "fundamental rights" under Section 1915(b), they must be upheld if they are rationally related to a legitimate government interest. *See Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). As noted above, the PLRA filing fee requirements were necessitated by the large number of frivolous inmate lawsuits that were clogging the federal courts and draining limited judicial resources. The goal of deterring the large number of meritless prisoner filings in the federal courts is within the "realm of Congress's legitimate interest;" *see Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997); the filing fee requirements of Section 1915(b) are rationally related to the achievement of that interest and will force prisoners to "think

twice about the case and not just file reflexively." *See Mitchell v. Farcass*, 112 F.3d 1483, 1489-90 (11th Cir. 1997)(holding that Section 1915(b) does not violate the Equal Protection Clause). These grounds support the existence of a rational basis for the PLRA's filing fee provisions; as such, the filing fee requirements do not violate an indigent prisoner's constitutional right to equal protection of the laws.

Plaintiff also asserts, with little to no specificity, that the AEDPA is unconstitutional, although he cites no instance in which he was affected by the alleged unconstitutionality of the statute. As eloquently stated by the Court in *City of Shreveport v. Pedro*, 127 So. 885(La. 1930), "it is elementary that all laws are presumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality of a law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional." While Plaintiff's allegations regarding the AEDPA are misplaced in the instant complaint, the Court will address his claims cursorily.

Plaintiff pleads his dissatisfaction with the AEDPA as synonymous with the provisions of the PLRA; to that extent, the Court can only comment that the PLRA requirements do not apply to habeas actions under 28 U.S.C. §2255. *See United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996).

Plaintiff also comments about "time-bar" provisions; the Court will presume Plaintiff is asserting that the AEDPA's statute of limitations provision is unconstitutional. The Fifth Circuit has determined that "the one-year limitations period of the AEDPA does not violate the Suspension Clause unless it 'renders the habeas remedy inadequate or ineffective to test the legality of detention.'" *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). Plaintiff does not allege that the limitation period rendered any federal habeas remedy "ineffective or inadequate." In addition, the Fifth Circuit has determined that the application of the AEDPA's limitation period does not violate a petitioner's due process rights, and Fifth Circuit precedent forecloses any argument that AEDPA's statute of limitations is unconstitutional as applied because it results in a "fundamental miscarriage of justice." *Fierro v.*

*Cockrell*, 294 F.3d 674, 684 and n. 17 (5th Cir. 2002); *Graham v. Johnson*, 168 F.3d 762, 787-88 (5th Cir. 1999).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED** with prejudice as frivolous and for failure to state a claim for which relief is available.

The Clerk shall send a copy of this Report and Recommendation to the parties. The Plaintiff shall have until **June 8, 2005,** in which to have written objections physically on file in the Office of the Clerk. <u>The objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas  77553</u>. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the    19th   day of May, 2005.

John R. Froeschner
United States Magistrate Judge